## WRIGHT v STATE

Ohio Appeals, 1st Dist, Butler Co

No 585.   Decided Nov 9, 1933

John A. Crist, Middletown, for plaintiff in error.

.Paul A. Baden, Prosecuting Attorney, Hamilton, for defendant in error.

## OPINION

By HAMILTON, PJ.

While the court would be justified in sustaining the motion to dismiss the petition in error, we do not desire to rest our decision on that point alone.

It is urged in the brief that examination of witnesses by the court was not conducted in the presence of the defendant, plaintiff in error here, and that he was without opportunity of cross-examining the witnesses. If this be the fact, and it is properly brought before this court, it would require a reversal of the judgment. However, this fact was only raised by affidavit on a motion for a new trial. There is no bill of exceptions filed in the case, and, therefore, no certificate of the judge that the two affidavits filed constituted all the evidence submitted on the motion.

In the case of **Montgomery v State, 12 C. C., 679,** it was decided that affidavits filed in support of the motion for a new trial must be incorporated in a bill of exceptions with the certificate that the affidavits constituted all the evidence submitted.

In the case of **Berman v State of Ohio, 16 C.C. (n.s.) 106,** the court held:

"In order that affidavits used on a motion for a new trial may be considered by a reviewing court, there must be a certificate of the trial judge that the affidavits in question were all the evidence introduced on the hearing of the motion." Syllabus 3.

The Berman decision was affirmed by the Supreme Court, without opinion, in 81 Oh St, 508.

Therefore, this court not being in a position to consider the affidavits used on the motion for a new trial, there is nothing before us on which the court could consider the question raised as to what took place at the trial. The judgment is, therefore, affirmed.

ROSS, J, concurs.